**Margarita MACHADO et al.**
**v.**
**Burton G. HACKNEY et al.**
**Civ. A. No. 68–108–SA.**

United States District Court
W. D. Texas,
San Antonio Division.

May 12, 1969.

Lonnie W. Duke, San Antonio, Tex., for plaintiffs.

Richard Kammerman, Houston, Tex., for intervenor.

Hawthorne Phillips and John Banks, Austin, Tex., for defendants.

Before JOHN R. BROWN, Chief Judge, United States Court of Appeals, Fifth Judicial Circuit, SPEARS, Chief Judge, United States District Court and ROBERTS, District Judge.

PER CURIAM:

This is an action for injunctive and declaratory relief pursuant to 42 U.S.C. § 1983 to secure rights, privileges, and immunities established by the Fourteenth Amendment of the Constitution of the United States and the Social Security Act, 42 U.S.C. § 301 *et seq.* and the regulations promulgated thereunder. The declaratory judgment aspect of the action is pursuant to 28 U.S.C. § 2201.

Plaintiff Margarita Machado, an adult citizen of the United States, residing in Bexar County, Texas, and a mother of several minor children, brings this action in her own behalf, in behalf of her minor children, and pursuant to Rule 23 of the Federal Rules of Civil Procedure, in behalf of all other persons similarly situated. Ladislado Lupe Torres intervenes pursuant to Rule 24 of the Federal Rules of Civil Procedure individually and in behalf of her minor children.

Defendant Will Bond is Chairman of the State Board of Public Welfare and Defendant W. Kendall Baker is the Vice-Chairman of said Board. Under Vernon's Ann.Tex.Rev.Civ.Stat. art. 695c, §§ 3–9, they are responsible for the adoption of the policies, rules and regulations for the government of the State Department of Public Welfare and are charged with the administration of the welfare activities of the state as provided by statute. Defendant Burton G. Hackney is Texas Commissioner of Public Welfare and has statutory responsibility to discharge all administrative and executive functions for the State Welfare Department. Defendant Raymond Cheves is Regional Director of Region 4 of the State Department of Public Welfare and is responsible for enforcing the regulations of the State Department of Public Welfare and is the agent of defendant Hackney in the administration of the Aid to Families with Dependent Children in the City of San Antonio, Bexar County, Texas.

Since plaintiffs and intervenors seek injunctive relief restraining the defendant officers from the enforcement, operation and execution of a state statute [1] and of a statewide regulation (the so-called "substitute father" regulation) set forth in § 2642.60 of the Texas Department of Public Services [2] and promul-

---

1. Tex.Rev.Civ.Stat.Ann. art. 695c, § 25:

   (1) In the event that an application for public assistance by a needy blind person, a needy aged person, or with respect to a needy dependent child, is not acted upon by the local unit of administration within a reasonable time after the filing of such an application, or is denied in whole, or in part, or any award of assistance is modified or cancelled, or an applicant or recipient is dissatisfied with any action or failure to act on the part of the local administrative unit, the applicant or recipient shall have the right to appeal to the State Department and shall be granted a reasonable notice and opportunity for a fair hearing before the State Department.

   (2) Within a reasonable time prior to an applicant's or recipient's appeal hearing he, or his authorized agent, shall be fully advised of the information contained in his record on which action was based if a request for such information is made in writing, and no evidence of which the applicant or recipient is not informed shall be considered by the State Department as the basis for a decision after a hearing.

2. *2642.60 Stability of Relationship*
   Continuing pregnancies in the face of alleged lack of a father in the home is a strong indication that the designated relative has formed some stable relationship with a man who presumably functions as a father or a father substitute in the home to the children and an ADC grant may not be initiated or continued until it is established that no such arrangement is currently in effect.
   In instances of a mother applying for an illegitimate child, an ADC grant cannot be placed until the mother has made an effort to bring the father into the office to discuss plans for the child.

   When the mother of an ADC child is cohabiting with a man, the grant will be denied on the basis that the child is not deprived of parental support. A

gated pursuant to a state statute (Tex. Rev.Civ.Stat.Ann. art. 695c) on the grounds of unconstitutionality, a three-judge court was convened, pursuant to 28 U.S.C. § 2281, for hearing and determining this action. Jurisdiction is conferred on the Court by 28 U.S.C. § 1343 (3–4).

The relevant facts of this case are simple and have been stipulated. Plaintiff Machado received AFDC benefits through December, 1967. In December, a caseworker for the Texas State Department of Public Welfare, after investigation, advised Mrs. Machado that her assistance was being terminated, there being a "substitute father" for her children. Mrs. Machado received no aid for January and February, 1968. In March, 1968, she applied again for welfare and was reinstated. In April, 1968, she appealed the December decision so that she could receive payments for January and February, 1968. The appeal, pursuant to Tex.Rev.Civ.Stat.Ann. art. 695c, § 25, was unsuccessful.

For the purposes of this opinion, Mrs. Torres, who was suspended February, 1968, presents to the Court basically similar facts except that she has not yet been reinstated on the welfare rolls.

■ Plaintiff and intervenor challenge the validity of the "substitute father" regulation, the regulation used to deny them AFDC benefits. After the filing of this suit and prior to oral argument, the Supreme Court, in King v. Smith, 392 U.S. 309, 88 S.Ct. 2128, 20 L.Ed.2d 1118 (1968), found that a similar Alabama regulation was inconsistent with the Social Security Act, 42 U.S.C. § 601 *et seq.* That decision clearly controls part of this case; defendants admitted in oral argument that the Texas regulation can no longer be used to deny AFDC benefits. There remains, however, the question of what, if any, retroactive effect should be given the deci-

sion. Or, stated another way, who, if anyone, that has been denied welfare assistance because of the application of an invalid provision is to receive back payments. This Court is satisfied that not everyone denied benefits as a result of the "substitute father" regulation should receive back payments, for this would create a great financial burden on the State while rewarding those who have not diligently protected their rights. However, to protect those that have been diligent, the Court ORDERS the defendants to pay to Mrs. Machado and Mrs. Torres all past benefits denied them because of the "substitute father" regulation. These benefits may be decreased by the amount of financial support actually supplied by the "man in the house."

Plaintiff and intervenor also challenge the procedure under which the defendants take recipients off welfare without benefit of a prior hearing, alleging a violation of the Due Process Clause of the Fourteenth Amendment. Tex.Rev.Civ. Stat.Ann. art. 695c, § 25 has been interpreted so as to provide for the following procedure:

A caseworker notifies the recipient in person of the termination of her benefits and gives reasons therefor. The caseworker instructs the recipient of her right to appeal. An appeal is perfected if within ninety (90) days the recipient notifies the Appeal Board in Austin, Texas, in writing of her desire to appeal. This is normally accomplished by the recipient signing and mailing a "Petition to Appeal", a form provided by the State Welfare Department. The recipient is then notified of a hearing date. At the hearing the recipient is entitled to have counsel present, call witnesses to testify in her behalf, cross-examine witnesses called by the Welfare Department and to be furnished with a transcript of the proceedings. At the conclusion of this hearing, a transcript is prepared along with the hearing examiner's recommen-

grant may not be initiated or reinstated until it is established that the relationship has been terminated. Normally, a six months' period of time ac-

companied with evaluation of all other pertinent facts should make possible a decision as to whether the relationship is broken.

dations and sent to the State Welfare Appeal Board, where an Appeals Analyst summarizes the facts of the case and the applicable regulations and statutes for the Board's review and determination. After a decision is rendered by the Appeal Board, a letter is sent to the recipient notifying her of the Board's decision. If a favorable decision is received, the recipient will be given all payments withheld. An appeal of an adverse decision can be taken to the state courts if the "order violates a constitutional right or adversely affects a vested property right," there being no specific statutory provision for appeal to state courts. Stone v. Texas Liquor Control Board, 417 S.W.2d 385 (Tex.Sup.1967).

A three-judge court in the Southern District of New York (Kelly v. Wyman, 294 F.Supp. 893 at p. 901 (S.D.N.Y. 1968)) recently considered the question of whether or not the New York City Welfare Department could terminate the aid to recipients of AFDC, without affording them a prior hearing and held that the procedure there followed, which is similar to that used in Texas, and outlined above, fails to adequately protect the recipient's rights.

■ We agree with the result reached in the *Kelly* case, but our holding is predicated upon the statutory-regulatory aspects of this case, rather than on broad constitutional grounds.[3] See King v. Smith, supra, at 313. Adequate protection to the recipient can only be accorded,

in situations such as those presented in the instant case, by a continuation of the assistance during the period of the appeal and through the end of the month in which the final decision, after the hearing, is reached.[4]

Counsel for plaintiff is directed to prepare an appropriate judgment consistent with this opinion.

---

3. This holding shall apply retroactively to the plaintiff and intervenor, but it shall apply to the class represented by them in a prospective manner only.

4. It is significant to note that a new regulation has been adopted by the Department of Health, Education, and Welfare, which provides in pertinent part, that:
   "Effective October 1, 1969, a State plan for OAA, AFDC, AB, APTD, AABD, or MA under the Social Security Act must provide that:
   (1) When a fair hearing is requested because of termination or reduction of assistance, involving an issue of fact, or of judgment relating to the individual case, between the agency

and the appellant, assistance will be continued during the period of the appeal and through the end of the month in which the final decision on the fair hearing is reached. (If assistance has been terminated prior to timely request for fair hearing, assistance will be reinstated.) Where delays are occasioned during the period of the appeal, assistance will be continued if the delay is at the instance of the agency or because of illness of the claimant or for other essential reasons. To the extent that there are other delays at the request of the claimant the agency may but is not required to continue assistance." (Vol. 34 Fed.Register No. 16, page 1144).