Obbie Lee ROBINSON, individually, on behalf of her minor children and on behalf of all others similarly situated, Plaintiffs,

v.

Burton G. HACKNEY et al., Defendants.

Civ. A. No. 68–H–294.

United States District Court
S. D. Texas,
Houston Division.

June 17, 1969.

**1250**

Michael L. Woods, San Francisco, Cal., Peter S. Navarro, Jr., Houston, Tex., and Henry Freedman, New York City, for plaintiffs.

John H. Banks, Asst. Atty. Gen. of Texas, Austin, Tex., for defendants.

Before THORNBERRY, Circuit Judge, and SINGLETON and SEALS, District Judges.

## MEMORANDUM AND ORDER

PER CURIAM.

This is a proceeding for injunctive and declaratory relief brought as a class action by certain recipients of public assistance under the Texas program for Aid to Dependent Children. Under this program, qualifying families could receive $45.00 per month for the caretaker adult and $21.00 per month for each dependent child. Superimposed on this schedule was a "maximum grant" provision which allowed only $135.00 per month to any one family.

Plaintiffs' complaint asserted that the "maximum grant" provision violated the equal protection clause of the Fourteenth Amendment to the United States Constitution and that it was void because it was irrational in light of the purpose of the Social Security Act, 42 U.S.C.A. § 601 and the Texas Aid to Dependent Children Program, Article 695c, Section 17(6), Vernon's Texas Civil Statutes.

Plaintiffs' motion for a temporary restraining order was denied but their request for designation of a Three-Judge District Court was granted and the Chief Judge of the United States Court of Appeals appointed this panel.

The parties subsequently informed the court that an evidentiary hearing was unnecessary as the case could be tried by stipulated facts and deposition testimony. This course was taken and after the parties filed briefs on the applicable principles of law, oral arguments were made to the entire panel. Both positions were ably presented and the court then took the case under advisement.

Since that time, the defendants have filed a motion to dismiss on the ground that the "maximum grant" provision was in the process of being rescinded by new regulations to be issued by the Commissioner of Welfare of Texas. Plaintiffs oppose the motion, arguing the defendants would be free to return to their old practices if the case were dismissed and also that there still

remains an active dispute over the legality of the practice.

However, after careful consideration this court has concluded that the interests of justice would best be served if this case were dismissed without prejudice to plaintiffs return to this court in the event future abuses are encountered.

Plaintiffs also argue that retroactive benefits are proper in this case under the authority of Machado v. Hackney, 299 F.Supp. 644 (W.D.Tex.) (Three-Judge Panel). In *Machado* the court ordered retroactive payments to be made to two persons. However, they also stated:

> "This Court is satisfied that not everyone denied benefits as a result of the 'substitute father' regulation should receive back payments, for this would create a great financial burden on the State while rewarding those who have not diligently protected their rights."

This rationale clearly places the determination of the merits of a claim for retroactive benefits within the discretion of the court, and we are compelled to deny any such claim in this case. The financial burden placed on the State by such a decree would be enormous and we are not disposed to its imposition.

The court has this day been informed by way of the affidavit of Burton G. Hackney, Commissioner of Public Welfare of the State of Texas that the "maximum grant" provision "is no longer in force or effect." The motion is, therefore, ripe for determination.

Defendants' motion to dismiss will be granted without prejudice.

Defendants will draw an appropriate judgment for submission to the court specifying what steps have been taken by the State regarding the "maximum grant" provision and what policy has been set for the State concerning the future use of such provision.

The Clerk will file this Memorandum and Order and provide counsel for all parties with true copies.