**Miss Bettie BROOKS et al., Plaintiffs,**

v.

**Herman L. YEATMAN, Commissioner, State Department of Public Welfare, State of Tennessee, et al., Defendants.**

Civ. No. 5559.

United States District Court,
M. D. Tennessee,
Nashville Division.

Jan. 26, 1970.

Sara E. Green, Legal Services of Nashville, Inc., Nashville, Tenn., for plaintiffs.

Paul E. Jennings, Asst. Atty. Gen., State of Tennessee, Nashville, Tenn., for defendants.

Before PHILLIPS, Circuit Judge, and MILLER and GRAY, District Judges.

PER CURIAM.

### ORDER

This action was instituted by plaintiff, Bettie Brooks, individually and on behalf of her minor children and others similarly situated, pursuant to 42 U.S. C.A. Sec. 1983, to have declared void and to enjoin the enforcement of Bulletin 109 issued by the Commissioner of the Tennessee Department of Public Welfare, to implement increases in aid to families with dependent children, known as the AFDC Program, provided for by the 1967 Amendment to the Social Security Act of 1935. The Amendment, 42 U.S. C.A., Sec. 602(a) (23), required each state to

* * * provide that by July 1, 1969, the amounts used by the State to determine the needs of individuals will have been adjusted to reflect fully changes in living costs since such amounts were established, and any maximums that the State imposes on the amount of aid paid to families will have been proportionately adjusted.

Under the terms of Bulletin 109 the only persons who were eligible for increased assistance payments in the month of July, 1969, were persons whose applications for AFDC assistance were approved in that month and current recipients with a July review date. It was ordered by the Bulletin that all other recipients should not receive the benefit of the adjusted figures pursuant to 42 U.S.C.A., Sec. 602(a) (23), until the dates of their scheduled semi-annual reviews.

The complaint challenges the validity of Bulletin 109, first on the ground that it is in conflict with the 1967 Amendment to the Social Security Act; and second, on the ground that it is discriminatory and violative of the Equal Protection Clause of the Fourteenth Amendment.

Upon consideration following a hearing on the merits held on January 21, 1970, the Court is of the opinion and finds and adjudges as follows:

(1) That the action is a proper class action pursuant to Rule 23(a) and (b) (2) of the Federal Rules of Civil Procedure, and it is sustained as such.

(2) That Bulletin 109 insofar as it denies the benefits of the adjustments provided for by the 1967 Amendment to the Social Security Act until dates subsequent to July 1, 1969, is in conflict with that Amendment, 42 U.S.C.A., Sec. 602(a) (23), and is therefore void and unenforceable. For this reason the Court does not reach the constitutional question of denial of equal protection of the law.

3. That plaintiff and other eligible recipients of AFDC grants shall be reimbursed to the extent that they shall receive the benefits of the increases provided for by the 1967 Amendment to the Social Security Act as of July 1, 1969.

4. That interest upon the reimbursements herein provided for shall be disallowed.

5. That such reimbursements shall be made not later than March 5, 1970.