**Doris Jean McDONALD, Plaintiff-Appellee,**

v.

**The DEPARTMENT OF PUBLIC WELFARE OF the STATE OF FLORIDA et al., Defendants-Appellants.**

**No. 28524**

**Summary Calendar.**

United States Court of Appeals, Fifth Circuit.

July 15, 1970.

Michael Schwartz, Asst. Atty. Gen., Tallahassee, Fla., S. Strome Maxwell, Dept. Atty., Dept. of Public Welfare, Jacksonville, Fla., Earl Faircloth, Atty. Gen., for defendants-appellants.

Warren H. Cobb, Daytona Beach, Fla., for plaintiff-appellee.

Before GEWIN, GOLDBERG and DYER, Circuit Judges.

 PER CURIAM:

The Department of Public Welfare of the State of Florida appeals from a summary judgment in favor of Doris Jean McDonald, appellee. The district court found that the appellee had been unconstitutionally denied "Aid to the Blind" welfare assistance pursuant to Florida's durational residency requirement, and ordered appellant to pay $825.00 representing the moneys illegally withheld. Appellant concedes the unconstitutionality of the requirement but insists that the lower court erred in awarding $825.00 in "back payments" or "retroactive benefits." We affirm.[1]

While the present case was pending in the district court, the Supreme Court in Shapiro v. Thompson[2] invalidated similar durational residence requirements in other states. Shapiro controlled the lower court's decision in the instant case. Appellant argues that such requirements were not unconstitutional prior to the Court's decision in Shapiro and that appellee is not entitled to welfare payments properly denied pursuant to a valid residence requirement in pre-Shapiro days.[3]

Appellant states in its brief:

> To require back payments to a person who was ineligible under the then *constitutional* state welfare residency requirement statute is absurd, as *not until* the United States Supreme Court's pronouncement in Shapiro v. Thompson, supra, could Appellee have been declared or considered eligible.

Although never stated in these terms, appellant is apparently arguing that Shapiro should be given prospective effect only. In support of this position, it states that the Florida Department of Public Welfare has relied on the state durational residence requirement. We find this argument singularly unpersuasive. Presumably, all state statutes which have ever been invalidated as unconstitutional were relied on by state employees until invalidated. Appellant has launched its argument, effectively unsupported, directly in the teeth of the general rule, which has persisted for centuries, that judicial precedents in cases of this nature normally have retroactive as well as prospective effect.[4] We have been offered no justifiable reason for departing from this venerable

1. Pursuant to our Rule 18 this case is decided without oral argument.

2. 394 U.S. 618, 89 S.Ct. 1322, 22 L.Ed.2d 600 (1969).

3. This argument seems to concede that a portion of the $825.00 was properly awarded. The award represents payments denied from the time of appellee's original application for assistance until the date of the district court's decision. Shapiro was decided several months before the district court's decision.

4. 1B, J. Moore, Federal Practice § 0.402 [3.–2–1] (2d ed. 1965).

and well established principle in the instant case.

Appellant advances another somewhat unusual argument which we also find unacceptable. It explains that the assistance sought by appellee under Florida's "Aid to the Blind" program is a "current subsistence grant" and that since appellee has obviously subsisted without it—probably, we are told, by "receiving some form of public or private aid and assistance"—awarding back payments would constitute a "gratuitous windfall." There is no support in the record for this contention. There is no showing of a lack of diligence on the part of appellee. In the circumstances we are unable to conclude that the district court was in error in making the award involved here.[5]

Our decision to affirm the award is strongly influenced by the fact that the district court in *Shapiro*[6] made precisely the same award and this decision was affirmed by the Supreme Court. Appellant argues that the Court did not mention the award of retroactive benefits but only considered the constitutionality of the residency requirement. This argument is overbalanced, in our view, by the fact that the Court affirmed the decision of the district court without mentioning that the award of "back pay" was erroneous. Such an award is apparently not as uncommon as appellant would have us believe. The Court, in Sherbert v. Verner,[7] awarded unemployment benefits which had been unconstitutionally withheld. And, a three-judge court in Machado v. Hackney[8] awarded welfare benefits illegally withheld pursuant to the Texas "substitute father" rule. In our opinion these decisions justify the district court's award.

The decision of the district court is affirmed.

---

5. *See* Machado v. Hackney, 299 F.Supp. 644, 646 (W.D.Tex.1969).

6. 270 F.Supp. 331 (D.Conn.1967).

7. 374 U.S. 398, 83 S.Ct. 1790, 10 L.Ed. 2d 965 (1963).

8. 299 F.Supp. 644 (W.D.Tex.1969).