**Karen MAJCHSZAK et al., Plaintiffs,**

v.

**Wilbur J. SCHMIDT et al., Defendants.**

**No. 73-C-87.**

United States District Court,
E. D. Wisconsin.

May 7, 1973.

Freedom Through Equality, Inc., by Steven H. Steinglass, Milwaukee, Wis., for plaintiffs.

Robert W. Warren, Atty. Gen. of Wis., by Ward L. Johnson, Asst. Atty. Gen., Madison, Wis., for defendants.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

The issue in this case is the propriety of exclusion from the Aid to Families with Dependent Children (AFDC) program of wives with husbands in pretrial confinement. Section 49.19(4)(d)(2) of the Wisconsin statutes, despite some rather confusing wording, allows granting of aid to wives whose husbands have been sentenced to penal institutions. It is alleged that the defendants have construed this provision so as to erect a complete barrier to wives whose husbands are confined prior to trial and sentencing.

The named plaintiff's motions for class action determination and preliminary injunction were pending when the defendants filed their answer. Shortly thereafter, the plaintiff filed a motion for summary judgment. The defendants agree that there is no factual dispute and that the resolution of this action by summary judgment is appropriate. This makes it unnecessary to decide Mrs. Majchszak's request for a preliminary injunction.

Although agreeing with the plaintiff's factual averments, the defendants challenge this court's jurisdiction; they also dispute the charge that the Wisconsin policy is at odds with the Social Security Act. I cannot accept the defendants' contentions with respect to either point.

I need not decide whether the statutory claim arising under the Social Security Act is one "providing for equal rights" or "providing for the protection of civil rights" such as would give this court independent jurisdiction over the statutory claim under 28 U.S.C. § 1343(3) or (4). See Rosado v. Wyman, 397 U.S. 397, 405 n. 7, 90 S.Ct. 1207, 25 L.Ed.2d 442 (1970).

■ I believe the plaintiffs' equal protection and due process arguments, based on total denial of eligibility, sex discrimination and the use of a conclusive presumption, are not insubstantial and do state a claim under 42 U.S.C. § 1983 with jurisdiction conferred under 28 U.S.C. § 1343(3). Carleson v. Remillard, 406 U.S. 598, 92 S.Ct. 1932, 32 L. Ed.2d 352 (1972); Reed v. Reed, 404 U.S. 71, 92 S.Ct. 251, 30 L.Ed.2d 225 (1971). Therefore, this is a proper case for the exercise of pendent jurisdiction over the federal statutory claims. Rosado v. Wyman, 397 U.S. 397, 90 S.Ct. 1207, 25 L.Ed.2d 442 (1970); Doe v. Schmidt, 330 F.Supp. 159 (E.D.Wis. 1971) (Three-judge court.)

Under the statutory claim, this court is compelled to prohibit a state policy that conflicts with the federal standards. King v. Smith, 392 U.S. 309, 88 S.Ct. 2128, 20 L.Ed.2d 1118 (1968). I believe that a blanket denial of AFDC benefits if the father is imprisoned without sentence is in conflict with the federal standards. The defendants' argument that pretrial confinement is never within the scope of "continued absence" under the federal act, 42 U.S.C. § 606(a), because it is "temporary" is unconvincing; most confinements pursuant to sentence are temporary. The federal regulations for matching funds provide that a continued absence exists when

> ". . . the nature of the absence is such as either *to interrupt* or to terminate the parent's functioning as a provider of maintenance. . . . If these conditions exist, the parent may be absent *for any reason,* and he may have left recently or sometime previously." 45 CFR § 233.90(c)(1)(iii) (emphasis added).

In view of the fact that I find a statutory conflict, I do not reach the constitutional claims. Doe v. Schmidt, 330 F. Supp. 159, 162 (E.D.Wis.1971) (Three-judge court). Furthermore, since I find no infirmity with the state statute itself, on constitutional or other grounds, there clearly is no need for the following findings and conclusions to be approved by a three-judge court. 28 U.S.C. § 2281.

## FINDINGS OF FACT

1. Plaintiff Karen Majchszak is an adult resident of the City of Mayville in Dodge County in the State of Wisconsin where she resides with her two minor daughters.

2. Defendant Wilbur J. Schmidt, an adult resident of the State of Wisconsin, is Secretary of the Wisconsin Department of Health and Social Services (hereafter "DHSS") and in that capacity is responsible for the supervision of the financial assistance program of AFDC under § 49.19, Wis.Stats. (1971).

3. Defendant Wilbur J. Schmidt has been sued individually and in his official capacity. Relief has also been sought against his agents, employees, successors in office, assistants and all other persons acting in concert or cooperation with him or at his direction or under his control.

4. Defendant Wilbur J. Schmidt has been, is presently and will continue to be acting under color of authority and law of the State of Wisconsin in denying AFDC to female applicants whose husbands' incarceration is not pursuant to a sentence.

5. Plaintiff Karen Majchszak has brought this action on her own behalf and, pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of the class consisting of all female applicants for AFDC whose applications have been denied because their husbands' incarceration is not pursuant to sentence. With respect to this class:

a. it is so numerous that joinder of all its members is impracticable, i. e., there are at least 100 AFDC applications denied each year pursuant to the policy being challenged;

b. there are questions of law and fact common to the class;

c. the claims of the named plaintiff are typical of the claims of the class she seeks to represent;

d. the named plaintiff will fairly and adequately protect the interests of the other members of the class;

e. the defendants have acted and refused to act on grounds generally applicable to the class, thus making appropriate final injunctive relief as to the class as a whole.

6. Wisconsin participates in the federal government's programs of Aid to Familes with Dependent Children established by Title IV of the Social Security Act, 42 U.S.C. §§ 601 et seq. As a condition of receiving federal funds under this program, Wisconsin is required to maintain a state plan which conforms with the requirements of the Social Security Act and the HEW regulations issued thereunder.

7. The AFDC program in Wisconsin is administered by county welfare agencies, the activities of which are supervised by the DHSS.

8. The Social Security Act provides that ". . . aid to families with dependent children shall be furnished with reasonable promptness to all eligible individuals." 42 U.S.C. § 602(a)(10).

9. At all times relevant herein, Wisconsin statutes have defined a dependent child as one

". . . who has been deprived of parental support or care by reason of the death, continued absence from the home or incapacity of a parent or the unemployment of his father and who is living with . . . [one of a number of enumerated relatives]" § 49.19(1)(a), Wis.Stats.1971.

10. At all times relevant herein, Wisconsin Statutes have contained in § 49.-19(4)(d), Wis.Stats. (1971), a number of eligibility conditions, one of which must be met before AFDC could be granted to the mother or stepmother of dependent children. With regard to these conditions, the defendants in this case have been permanently enjoined from enforcing subsections (4–7) in Doe v. Schmidt, 330 F.Supp. 159 (E.D.Wis. 1971).

11. At all times relevant herein, subsection (2) of § 49.19(4)(d), Wis. Stats. (1971), has provided that

"49.19 Aid to families with dependent children.

\* \* \* \* \* \*

(4) The aid shall be granted only upon the following conditions:

\* \* \* \* \* \*

(d) Aid may be granted to the mother or stepmother of a dependent child if she is without a husband unless she:

\* \* \* \* \* \*

(2) Is the wife of a husband who has been sentenced to a penal institution;"

12. At all times relevant herein, defendants have construed § 49.-19(4)(d)(2), Wis.Stats. (1971), to mean that where a husband's continued absence is due to his incarceration, AFDC eligibility for his wife and their children will only exist where such incarceration is the result of a sentence. In those instances where the incarceration is before a trial or after a trial but before sentencing, eligibility will not exist.

13. The policy of denying AFDC where a husband's incarceration is not pursuant to a sentence exists irrespective of the length of time such husband is likely to be absent from the home.

14. Where a husband applies for AFDC for himself and his children because of the absence of his wife due to her incarceration, it is the policy of the DHSS not to require as a condition of eligibility that such incarceration be pursuant to a sentence. Rather, the policy in such a case is to determine whether there is a "continued absence from the home" within § 49.19(1)(a), Wis. Stats. (1971).

15. On or about September 27, 1972, plaintiff Karen Majchszak's husband was arrested by federal authorities and soon thereafter was charged with bank robbery. Since that time, he has not made bail and has been incarcerated in a number of county jails while awaiting his trial for the above offense. At the

time the complaint was filed, his trial was scheduled for a date in March, 1973.

16. In the month of October, 1972, Karen Majchszak applied for AFDC from the county welfare agency in Fond du Lac County. This application and a subsequent one submitted to the Dodge County Department of Social Services was denied.

17. On January 24, 1973, a hearing was held under § 49.50(8) Wis.Stats. (1971), before the DHSS to review the denial of Karen Majchszak's application for AFDC.

18. On February 12, 1973, a decision was rendered in the above hearing in which the sole issue was whether Karen Majchszak was eligible for AFDC by reason of her husband's incarceration. The decision found that because Karen Majchszak's husband had not been sentenced to a penal institution she was ineligible for an AFDC grant.

19. This decision was rendered in accordance with the DHSS policy under which the mere fact that the plaintiff's husband was not incarcerated pursuant to a sentence was sufficient to justify a denial of AFDC eligibility without regard to the fact that he had been continually absent from the home for approximately four months as a result of his pre-trial incarceration.

20. Plaintiffs have no adequate remedy at law and no available administrative remedies. Plaintiff Karen Majchszak has had an administrative hearing under § 49.50(8), Wis.Stats. (1971), at which the DHSS failed to redress her grievance.

21. Plaintiffs and the class they represent have suffered and will continue to suffer irreparable injury unless this court enjoins defendants from denying AFDC to otherwise eligible women solely because of their husbands' incarceration is not pursuant to a sentence.

## CONCLUSIONS OF LAW

22. This cause of action is authorized by 42 U.S.C. § 1983 and this court has jurisdiction over the parties and subject matter of the action.

23. This action is properly maintainable as a class action under Rule 23(b)(2) of the Federal Rules of Civil Procedure.

24. Defendants' policy of denying AFDC to otherwise eligible women solely because their husbands' incarceration is not pursuant to sentence constitutes a restrictive eligibility condition which violates rights secured by the Social Security Act, 42 U.S.C. § 602(a)(10).

Therefore, it is ordered:

1. That this action may be maintained as a class action under Rule 23(b)(2) of the Federal Rules of Civil Procedure on behalf of the class consisting of all Wisconsin female applicants for AFDC whose applications have been denied because their husbands' incarceration is not pursuant to sentence.

2. That plaintiffs' motion for summary judgment is in all respects granted, and defendants' policy and practice of denying AFDC benefits to otherwise eligible women solely because their husbands' incarceration is not pursuant to sentence is declared violative of rights secured by the Social Security Act, 42 U.S.C. § 602(a)(10).

3. That the named plaintiff's motion for a preliminary injunction be and hereby is denied, without prejudice.

4. That the defendant Wilbur J. Schmidt, as secretary of the Wisconsin Department of Health and Social Services and his agents, employees, successors in office, assistants, and all others acting in concert or cooperation with him or at his direction or under his control, including the directors and employees of all county welfare departments in the state of Wisconsin, be and hereby are permanently enjoined from denying AFDC benefits to otherwise eligible women solely because their husbands' incarceration is not pursuant to sentence.

5. That the defendant Wilbur J. Schmidt shall within three (3) working days following the receipt by him of this decision and order cause a copy of this decision and order to be mailed to the director of each county welfare department in the state of Wisconsin with instructions to provide copies of this decision and order to all caseworkers, case aides, intake workers and all other persons employed by county welfare departments and responsible in any way for determining eligibility for financial assistance under the AFDC program. In lieu of sending and directing distribution of copies of this decision and order, defendant Schmidt may send and direct distribution of any communication which accurately explains the effect of this ruling and quotes the injunction set forth in the preceding paragraph.

This permanent injunction shall be binding upon the named defendant, his agents, employees, successors in office, assistants, and upon all other persons acting in concert or cooperation with him or at his direction or under his control, including the directors and employees of all county welfare departments in the state of Wisconsin, so long as such persons receive actual notice by personal service or otherwise.