Theresa SAIZ, individually and on behalf of her minor son Anthony Joseph, and all others similarly situated, Plaintiffs,

v.

M. B. GOODWIN, Mrs. L. J. Coyne, Ray Pax, Mrs. Hannah Best and L. B. Engle, individually and as members of the Board of Health and Social Services Department of the State of New Mexico, and John G. Jasper, its Director, Defendants.

Civ. No. 8739.

United States District Court,
D. New Mexico.

March 5, 1971.

**24**

Charles T. Du Mars, Toby Grossman, Albuquerque, N. M., for plaintiffs.

Julia C. Southerland, Santa Fe, N. M., for defendants.

## MEMORANDUM OPINION AND ORDER

MECHEM, District Judge.

Plaintiff Theresa Saiz herein has filed suit on behalf of herself, her minor child and "all others similarly situated" seeking a preliminary injunction pursuant to Section 2284(3) of Title 28 U.S.C., permanent declaratory and injunctive relief pursuant to Sections 2201 and 2202 of Title 28 U.S.C. and Rule 57 of the Federal Rules of Civil Procedure. Plaintiff has also made application for the convening of a three-judge court pursuant to Sections 2281 and 2284 of Title 28 U.S.C.

The action arises under Section 1983 of Title 42 U.S.C. Plaintiff Saiz seeks redress of alleged deprivation of her civil right to equal protection under the laws guaranteed by the Fourteenth Amendment of the United States Constitution, specifically, the guarantee of the right of privacy and the exercise of her statutory right to financial assistance under the Aid to Families with Dependent Children program initiated under the Social Security Act of 1935, 49 Stat. 620, as amended, 42 U.S.C. § 601 et seq., free from restrictive standards imposed by the State.

Plaintiff Saiz has been declared ineligible for AFDC assistance by the New Mexico Health and Social Services Department because she has refused to name the father of her illegitimate child. The Department asserts that the identity of the father and other information relating to Plaintiff Saiz' relationship with him (which she has also refused to divulge) required by its Regulation 223.-321 [1] are necessary to establish the deprivation of parental support, to assist the Department in attempting to enforce the father's support obligation and to determine if the child is needy.

On the basis of her alleged deprivation of the right to equal protection and right to privacy secured by the Fourteenth Amendment, she seeks to convene a three-judge court to determine if Regulation 223.321 is unconstitutional, invalid and an invasion of her right of privacy. In addition, she asserts that this regulation conflicts with the provisions of Subchapter IV of the Social Security Act (42 U.S.C. § 601 et seq.) and the regulations promulgated thereunder by the Department of Health, Education and Welfare.

The statutes providing for the convening of a three-judge court were designed to secure the public interest in a limited class of cases of special importance. Phillips v. United States, 312 U.S. 246, 61 S.Ct. 480, 85 L.Ed. 800 (1941), Ex parte Collins, 277 U.S. 565, 48 S.Ct. 585, 72 L.Ed. 990 (1927).

Accordingly, these statutes have been strictly construed, Allen v. State Board of Elections, 393 U.S. 544, 89 S.

---

1. Regulation 223.321 DETERMINATION OF PATERNITY provides in part: "In order to determine if the father is the actual father of the child an intensive investigation of the case is necessary. The mere allegation by the mother of the child that a certain man is the father is not sufficient information upon which to base an evaluation. Specific inquiry must be made of the mother regarding: (1) the date of conception; (2) promiscuity; (3) frequency of contact with the putative father; (4) the names of any person who could corroborate the relationship of the mother and the putative father, and (5) specific facts establishing an act of intercourse with the putative father at or near the date of conception."

Ct. 817, 22 L.Ed.2d 1 (1968) and no such court is to be convened when the alleged constitutional claim is unsubstantiated. Swift & Co. v. Wickham, 382 U.S. 111, 86 S.Ct. 258, 15 L.Ed.2d 194 (1965), Ex parte Poresky, 290 U.S. 30, 54 S Ct. 3, 78 L.Ed. 152 (1933), Jones v. Branigin, 433 F.2d 576 (6th Cir. 1970). It must appear that the constitutional question raised is a "reasonably debatable one". Landsberger v. Freeman, 217 F.Supp. 138 (D.D.C.1963).

Also settled is the premise that the single federal district judge to whom the application for a three-judge court is presented has the power and the duty to determine whether the complaint reveals the existence of a substantial federal question, Powell v. Workman's Compensation Board of State of New York, 214 F.Supp. 283 (D.N.Y.1963), dismissal affirmed, 327 F.2d 131 (2nd Cir. 1964); O'Hair v. United States, 281 F.Supp. 815 (D.D.C.1968), and, if he determines that no substantial constitutional question is present, he may proceed to dispose of the case on its merits or, in an appropriate situation, dismiss the complaint. Money v. Swank, 432 F.2d 1140 (7th Cir. 1970). Green v. Board of Elections of City of New York, 380 F.2d 445 (2nd Cir. 1967), cert. denied 389 U.S. 1048, 88 S.Ct. 768, 19 L.Ed.2d 840 (1967).

It is for this court to determine whether Plaintiff Saiz' claim of deprivation of her right of privacy raises a genuine constitutional question such as to warrant its submission to a three-judge court. Under the facts presented in this case, I conclude that it does not.

In order to participate in the Aid to Families with Dependent Children program established by the Social Security Act of 1935, the States are required to submit a plan for the approval of the Secretary of Health, Education and Welfare (42 U.S.C. § 602).

Subsection (a) (17) (A) (i) of Section 602 not only permits enforcement by the administering state agencies of the parental obligation of support in the cases of an illegitimate child but specifically sanctions it.

Regulation 223.321 was promulgated by the Department of Health and Social Services in an effort to establish and effectuate that support obligation which the Social Security Act authorizes. Since it is obvious that any program to enforce a support obligation for an illegitimate child is useless if the mother refuses to reveal the identity of the child's father, cooperation of the mother in furnishing this information [2] has been made a condition of eligibility for AFDC aid in New Mexico.

A regulation promulgated under a state statute which constitutes "a reasonable administrative tool; that * * * serves a valid and proper administrative purpose for the dispensation of the AFDC program * * * is not an unwarranted invasion of personal privacy". Wyman v. James, 400 U.S. 309, 91 S.Ct. 381, 390, 27 L.Ed.2d 408 (Jan. 12, 1971). This was an appeal from the judgment and decree of a divided three-judge District Court holding invalid and unconstitutional New York statutes and regulations prescribing periodic home visits by caseworkers as a condition for the continuance of AFDC assistance.

The Supreme Court held that announced, warrantless visitation was a valid condition for continued AFDC eligibility which did not violate Plaintiff's Fourth and Fourteenth Amendment privileges. In speaking for the majority of the Court, Mr. Justice Blackmun stated at p. 388 of 91 S.Ct.:

"What Mrs. James appears to want from the agency which provides her and her infant son with the necessities of life is the right to receive those

---

2. At no time was Plaintiff Saiz informed that she would be required to take legal action against the father to obtain support. In a letter to her dated August 20, 1970, Health and Social Services caseworker W. R. Bailey states "If the mother of the child chooses not to actively participate in the efforts to investigate and determine paternity, eligibility on this factor cannot be determined."

necessities upon her own informational terms, to utilize the Fourth Amendment as a wedge for imposing these terms, and to avoid questions of any kind".

The Fourth Amendment is not at issue here. However, it appears that Plaintiff Saiz' assertion that her right to privacy would be invaded by answering questions necessary to establish a support obligation for her child is a similar wedge. Has not the child's right of privacy been destroyed? Has not the mother already effectively prejudiced her right of privacy? The only party whose right of privacy is sought to be protected is the father whose duty by statute is to maintain and support the child until it attains the age of eighteen, or if it is incapable of working, until it arrives at full age. N.M.S.A. Section 22–4–2, as amended (1953 Comp.). I cannot envision the doctrine of constitutional right of privacy established in Griswold v. Connecticut, 381 U.S. 479, 85 S.Ct. 1678, 14 L.Ed.2d 510 (1965) extended to protect a reluctant parent under these circumstances.

In Wyman v. James (supra) the Supreme Court based its decision in part on the often ignored and forgotten fact that the welfare "agency, with tax funds provided from federal as well as state sources, is fulfilling a public trust. The State, working through its qualified welfare agency, has appropriate and paramount interest and concern in seeing and assuring that the intended and proper objects of that tax-produced assistance are the ones who benefit from the aid it dispenses. Surely it is not unreasonable * * * that the State have at its command a gentle means, of limited extent and of practical and considerate application, of achieving that assurance." Wyman v. James (supra, 91 S.Ct. at p. 386).

Plaintiff Saiz brings her suit as a class action on behalf of others "similarly situated". Since admittedly no other parties have come forward to join her, it may be presumed that the class consists of other mothers of illegitimate children who have applied, or would apply, for AFDC assistance. Rather than representing this class it seems that Plaintiff Saiz is actually antagonistic to it, in that these mothers would have a common interest in seeking, or at least acquiescing, in efforts which might be made to procure paternal support for their children.

Plaintiff Saiz' brief cites a myriad of decisions in the area of civil rights. Among these is Doe v. Shapiro, 302 F. Supp. 761 (D.Conn.1969), appeal dismissed (for late filing) 396 U.S. 488, 90 S.Ct. 641, 24 L.Ed.2d 677 (1970), rehearing denied, 397 U.S. 970, 90 S.Ct. 991, 25 L.Ed.2d 264 (1970), which was also a class action challenging on constitutional grounds the validity of a regulation of the Connecticut Welfare Department requiring the AFDC applicant to divulge the name of her illegitimate child's father. Plaintiff therein claimed that the regulation violated her Fifth Amendment privilege against self-incrimination and also her Fourteenth Amendment privilege of equal protection by arbitrarily creating "two classes of needy, illegitimate children indistinguishable from one another except for the obstinacy of their mothers". Doe v. Shapiro, supra, 302 F.Supp. at p. 762.

A three-judge court was convened to hear this case, but significantly, the court refrained from deciding on the Fifth and Fourteenth Amendment challenges presented and held that the regulation was invalid on the statutory ground that it created an additional condition of eligibility.

I cannot agree with the holding of the majority in Doe v. Shapiro (supra) and adopt the reasoning of Judge Clarie in his dissent that the Connecticut regulation (and similarly, the regulation attacked in the instant case) neither is unconstitutional nor conflicts with the Social Security Act:

"This case * * * is only concerned with minimal disclosure requirements which has always been recognized as an integral and traditional part of the welfare program. The state is not denying benefits to a dependent child because of the mother's

misconduct or for other moral purposes. The mother-applicant's refusal to disclose a known source of potential family income, in this instance that of the putative father, simply deprives eligibility to that particular child for which the information on the application is deficient". Doe v. Shapiro, (supra, 302 F.Supp. at p. 769).

I agree with Judge Clarie that there is no basis for the theory that Congress has established only two eligibility requirements, need and dependency, and that the state may not add to these under any circumstances. Doe v. Shapiro, (supra at p. 770), citing Section 402(a) (7) of the Social Security Act (42 U.S.C. § 602(a) (7)). That section requires that a State plan for aid to needy children must provide that a State agency, in determining need,[3] take into consideration any other income and resources of any child or relative claiming such aid, as well as any expenses reasonably attributable to the earnings of any such income.

Nor can I accept the premise that the regulations of the Department of Health, Education and Welfare cited in Plaintiff Saiz' brief (pp. 20–22) regarding eligibility resources negate the mandate of Section 602(a) (7).

The validity of welfare department regulations denying eligibility or terminating assistance where the mother of an illegitimate child refuses to divulge the identity of its father is before Courts in other jurisdictions. Now on appeal is a decision of the Superior Court of the State of Washington which dismissed an action attacking such a regulation. The court held that this was not a valid class action; that the challenged regulation did not conflict with the Social Security Act and that there was no constitutional violation of due process inasmuch as the regulation supported a valid interest of the state in attempting to protect its welfare program, Doe v. Smith, (Superior Court, County of King, May 27, 1970).

In Chee v. Graham, (Civ. No. 70–532 D.Ariz. Oct. 13, 1970) a District Court Judge ordered the convening of a three-judge court and issued a temporary restraining order requiring that AFDC payments be made to plaintiffs pending a determination on the merits. That case is distinguishable insofar as the challenged Arizona regulation, unlike the regulation of the New Mexico Department of Health and Social Services, requires the mother herself file non-support charges against the father.

In Meyers v. Juras, (D.Or. No. 70–378 June 10, 1970), AFDC recipients are challenging the constitutionality of state regulations (the NOLEO provisions) requiring termination of assistance when mothers refuse to cooperate with law enforcement officials in attempting to secure support from the absent fathers of their children. The District Court has granted a temporary restraining order prohibiting the welfare department from withholding AFDC assistance and a three-judge court has been convened.

In reaching my decision in this case, I have considered the action taken by other courts in substantially similar situations. However, I find it untenable that conformity with Regulation 223.321 under these circumstances either deprives Plaintiff Saiz of any constitutionally protected rights or violates the Social Security Act. I might adopt Justice Blackmun's characterization of plaintiff's position in Wyman v. James, (supra 91 S.Ct. at p. 389):

"The choice is entirely hers and nothing of constitutional magnitude is involved."

I conclude there is no substantial constitutional question presented here. Accordingly, it is ordered the application for the convening of a three-judge court be and hereby is denied.

---

3. Section 602(a) (8) of Title 42 requires that the State agency shall disregard certain earned income of a dependent child, his relative or any other individual living in the same home in making its determination under Section 602(a) (7).