Mrs. Jane DOE, individually, and on behalf of her minor dependent children, Derrilynne, Joseph and Kumasi-Chad, and on behalf of All Others Similarly Situated, Plaintiffs,

v.

Harold O. SWANK, Director, Illinois Department of Public Aid and David J. Daniel, Director, Cook County Department of Public Aid, Defendants.

No. 70 C 3084.

United States District Court,
N. D. Illinois, E. D.

July 7, 1971.
Judgment Affirmed Dec. 14, 1971.
See 92 S.Ct. 537.

Michael F. Lefkow and James O. Latturner, Community Legal Counsel, Chicago, Ill., for plaintiffs.

William J. Scott, Atty. Gen. of Ill., and Edward V. Hanrahan, State's Atty., Cook Cunty, Chicago, Ill., for defendants.

Before KERNER, Circuit Judge, and LYNCH and MAROVITZ, District Judges.

## MEMORANDUM OF DECISION

### PER CURIAM.

Plaintiff, Jane Doe, is the mother of three children. Her youngest child, Kumasi-Chad, was born out of wedlock. Prior to the birth of Kumasi-Chad, Jane Doe had received Aid to Families with Dependent Children (A.F.D.C.) through the Illinois Department of Public Aid (Department). Shortly after the birth of Kumasi-Chad, Jane Doe informed the

Department that the child had been born to her, and she sought additional assistance for the newborn child. Pursuant to certain regulatory provisions of the Department, Jane Doe was asked to identify the putative father of Kumasi-Chad and she refused. The Department denied her request for additional aid because she refused to identify the putative father of Kumasi-Chad. Further she refused to participate in a paternity action against him for the benefit of the child. The Department also threatened to reduce Mrs. Doe's rental and utility allowance unless she identified Kumasi-Chad's putative father. Subsequently the plaintiffs filed this action challenging the validity of the Department's regulatory provisions insofar as they condition A.F.D.C. payments upon Jane Doe's identification of her child's putative father. Plaintiffs contend that these regulations are inimical to rights secured by the fifth, ninth and fourteenth amendments. They also contend that the regulations contravene 42 U.S.C. § 1983 and the Federal Social Security Act of 1935, 42 U.S.C. §§ 601–609. Jurisdiction obtains pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343. The plaintiffs seek declaratory and injunctive relief and damages by way of back payments for benefits wrongfully withheld.

Since plaintiffs challenge a state regulatory provision on constitutional grounds and seek to enjoin state officers, a three-judge court was convened pursuant to 28 U.S.C. § 2281 and 28 U.S.C. § 2284. A hearing was held and the three-judge court entered a preliminary injunction restraining the defendants from enforcing the challenged regulatory provisions as to plaintiff Jane Doe.

The regulatory provisions challenged here are part of the Illinois Department of Public Categorical Assistance Manual. Pursuant to § 408.3 of the Manual a welfare recipient who has a child born out of wedlock and less than two years of age, is referred by the Department to the State's Attorney who institutes a paternity action in the child's behalf. If the child's mother refuses to cooperate with the State's Attorney the child is deemed ineligible for aid. This precondition on eligibility for a child born out of wedlock is reinforced by § 1259.1 of the Categorical Assistance Manual, which provides:

> "DPA 440, Request for Legal Action ADC or MA–NG (Cr) (Cu)
>
> As a condition of initial or continuing eligibility the Illinois Public Aid Code provides the parent or other person having custody of a child on whose behalf he is applying for or receiving ADC/ADC–U or MA–NG (Cr) (Cu) must request the Attorney General (State's Attorney for Cook County) file action for enforcement of such remedies as the law provides for fulfillment or the support obligation of the absent parent of such child. Absent parent includes the legal parent or father of a child born out of wedlock, whether or not his paternity has been legally established.
>
> Action is required when the absent parent is failing to furnish support, is not meeting the terms of a court order, if financially able to furnish more support than ordered or agreed to, or is not legally determined to be the father of a child born out of wedlock. The parent or other person having custody must cooperate in every material aspect of any legal enforcement procedure, including the signing of such legal documents as may be required and the giving of necessary testimony.
>
> Unwillingness to sign DPA 440 or to fully cooperate in the legal procedure immediately renders all children owed a duty of support ineligible for assistance. Ineligibility continues until the Statute of Limitations has expired in paternity cases. Generally, this is a two year period.
>
> However, legal acknowledgment of paternity or absence of the putative father from the state stops the statute from running, thereby extending the period of ineligibility."

In addition to rendering the child ineligible for aid Jane Doe's refusal to identify the putative father of Kumasi-Chad creates additional hardships for the plaintiffs. According to the provisions of the Illinois Public Aid Categorical Assistance Manual, § 1504, public assistance in the form of rental payments and utility payments are prorated equally among the members of the family group. Thus, in a family of four where one of the members is ineligible for aid the total rental and utility allowance is only 75% of the maximum allowable assistance for a family of that size. In the matter recounted here the plaintiff Kumasi-Chad was rendered ineligible by reason of his mother's refusal to identify the putative father. The result of that refusal was a threatened reduction in rent and utility payments by 25%, representing Kumasi-Chad's relationship to the family group.

■ The plaintiffs contend that these regulations violate rights secured by the fifth, ninth and fourteenth amendments. We are satisfied that the regulations challenged here raise substantial constitutional questions. Accordingly, a three-judge court was properly convened. The plaintiffs also raise claims based upon certain provisions of the Social Security Act of 1935. For reasons set forth herein we hold that those claims, founded on federal statutory provisions, are meritorious, and we do not reach the constitutional issues. However, this disposition of the matter does not void the jurisdiction of this three-judge court. King v. Smith, 392 U.S. 309, 88 S.Ct. 2128, 20 L.Ed.2d 1118.

■ The federal government's welfare program is implemented by the Social Security Act of 1935. Illinois, and each of her sister states, participate in the Federal program, and each state must operate its welfare program consistent with the provisions of the Social Security Act. Eligibility for aid under the Social Security Act of 1935 is conditioned upon two factors. A child must be both needy and dependent. No other conditions of eligibility are required.

Doe v. Shapiro, 302 F.Supp. 761, 776 (D. C.Conn.1969). The child Kumasi-Chad meets the needy and dependent requirements. However, the state argues that its obligation, in the context of this case, should permit it to establish additional measures of eligibility. The state contends that it is obligated to identify and prosecute the father of the needy child in order to obtain support for the child. The state's contention is accurate. See 42 U.S.C. § 602(a) (17) (A). However, the question remains as to the propriety of the methods adopted by the state to secure ·the identification of the child's father.

■ We find nothing in the Social Security Act that permits the state to attempt to satisfy its affirmative duty to seek support for the child by cutting that child off from A.F.D.C. We agree with the majority in Doe v. Shapiro, *supra*, in holding that refusal to extend benefits in the circumstances recounted here is contrary to congressional intent. Accordingly we hold that the challenged provisions of the Illinois Department of Public Aid Categorical Assistance Manual are void and unenforceable.

Therefore, it is ordered, adjudged and declared that the Illinois Department of Public Aid Categorical Assistance Manual § 408.3 is void and the defendants are permanently enjoined from denying assistance to a dependent child on the ground that the child's mother has failed to comply with Section 408.3 of the Categorical Assistance Manual. Further, the defendants are permanently enjoined from enforcing § 1259.1 of the Categorical Assistance Manual insofar as that provision conditions aid to a dependent child upon the mother's cooperation with state law enforcement agencies seeking to secure support for a dependent child. Similarly, the defendants are enjoined from reducing rental and utility allowances for a child because the mother refuses to identify the putative father of the child.

Further, the defendant Harold O. Swank is directed to notify all individuals denied aid because of a refusal to

comply with the Illinois Department of Public Aid Categorical Assistance Manual § 408.3 and 1259.1, that they are now eligible for aid. This notice is to be directed to those individuals refused aid during the two years immediately preceding the date of this decree. The defendant is further instructed to compute the amount wrongfully withheld from each of those individuals denied aid and to remit such amounts to them.

MAROVITZ, District Judge (dissenting).

This case is yet another example of an unfortunate situation, the resolution of which has split federal panels across the country. *Compare* Meyers v. Juras, 327 F.Supp. 759 (D.Or.1971) (Kilkenny, C. J., dissenting); Doe v. Shapiro, 302 F.Supp. 761 (D.Conn.1969) (Claire, J., dissenting) appeal dismissed, 396 U.S. 488, 90 S.Ct. 641, 24 L.Ed.2d 677 (1970), *with* Saiz v. Goodwin, 325 F.Supp. 23 (D.N.M.1971); *see also*, Woods v. Miller, 318 F.Supp. 510 (W.D.Pa.1971).

Since the basic issues have been covered in at least three other cases, our comments, in dissent, will not be extensive. We would say, however, that the decision in this case is not clearly mandated by statute, for the legislative program seemingly has two essentially equal, and in this case somewhat conflicting, goals: the support of needy and dependent children and the fostering of various state plans to develop a welfare recipient's means of support.

No one likes to see a poor child suffer for the misfeasance or nonfeasance of its mother. At the same time, if a mother is going to exercise her privilege to receive welfare payments from the state for her child, then it would seem she should exercise her responsibility to assist the state in its efforts, required by federal law, to obtain support for her child. *See* Wyman v. James, 400 U.S. 309, 321–322, 91 S.Ct. 381, 27 L.Ed.2d 408 (1971). Indeed, what other or more reasonable way is there for the state to fulfill its obligation under 42 U.S.C. § 602(a) (17) (A) to identify the father of the needy child in order to obtain support for it?

Basically, then, a judgment must be made of the competing legal and social factors present in this situation. Our opinion is that the state's approach is not violative of any congressional directive. The state government and the people it represents have a legitimate interest in minimizing rising welfare payments. Wyman v. James, *supra* at 318–320, 91 S.Ct. 381. The challenged state tactic of requiring the name of the absent father, where known by the recipient mother, seems reasonably calculated to achieve the goal of obtaining support for the otherwise dependent family. Nor are the Constitutional challenges fatal to the state's program. The most serious issue raised concerns the problem of self-incrimination. However, any information which was elicited under the threat of losing welfare payments could not be considered voluntary, and would be inadmissible in a subsequent prosecution for adultery, for example.

We conclude that the state's request for the putative father's identity is a limited and practical disclosure requirement, "a reasonable administrative tool; that it serves a valid and proper administrative purpose for the dispensation of the AFDC program; (and) that it is not an unwarranted invasion of personal privacy. * * * " Wyman v. James, *supra* at 326, 91 S.Ct. 381; Saiz v. Goodwin, *supra*; Doe v. Shapiro, *supra*, 302 F.Supp. at 768–771 (Claire, J., dissenting).