Theresa SAIZ, individually and on behalf of her minor son, Anthony Joseph, and all others similarly situated, Plaintiffs,

v.

Ben HERNANDEZ et al.

Civ. No. 8739.

United States District Court,
D. New Mexico.

March 16, 1972.

Charles T. DuMars and Toby F. Grossman, Legal Aid Society, Albuquerque, N. M., for plaintiff.

David L. Norvell, Atty. Gen., Julia C. Southerland, Special Asst. Atty. Gen.,

Health and Social Services Department, Sante Fe, N. M., for defendants.

Before SETH, Circuit Judge, and PAYNE and MECHEM, District Judges.

## JUDGMENT AND ORDER

PER CURIAM.

This action for declaratory and injunctive relief was brought by an applicant for benefits under the program of Aid to Families with Dependent Children, administered by the Department of Health and Social Services of New Mexico under the Social Security Act of 1957, 42 U.S.C. § 601 et seq. The plaintiff made application for benefits, including her two children, one of whom was illegitimate. Her application was denied because she would not cooperate with the New Mexico Department officials by giving the name of the father of her illegitimate child.

She has exhausted her administrative remedies and here challenges the New Mexico Department of Health and Social Services Regulation 223.321, which requires her to cooperate, and requires the case worker to inquire as to date of conception, promiscuity, frequency of contacts with putative father, names of persons who could corroborate the relationship, and " . . . specific facts establishing an act of intercourse with the putative father at or near the date of conception." The regulations appear to have been adopted pursuant to the amendment made to the Social Security Act by Congress in 1967 (now 42 U.S.C. § 602(a)(17) which directs state agencies to attempt to establish the paternity of children under the circumstances.

Since the initial hearing in this proceeding, the United States Supreme Court, by its affirmance without opinion of several three-judge cases, has clearly held that a state may not withhold Aid for Dependent Children benefits when the mother does not comply with state regulations which require her to participate in paternity proceedings, or to provide information as to the father of the children. The cases so affirmed have held that there is presented a substantial constitutional question sufficient to support the jurisdiction of a three-judge court; but the matter is resolved on the statutory issues. These courts have held that the states may not by requirements of this nature condition the eligibility of the family. The reasoning is that the Social Security Act sets forth the two requirements of need and dependency, and the states may not add others.

Since we consider the issue to be settled, it is sufficient to refer to these cases, and it is not necessary to review the arguments. These cases include: Taylor v. Martin, 330 F.Supp. 85 (U.S. D.C., N.D.Calif.1971), affirmed by the Supreme Court as Carleson v. Taylor, 404 U.S. 980, 92 S.Ct. 446, 30 L.Ed.2d 364, 1971; Meyers v. Juras, 327 F.Supp. 759 (D.Or.1971), affirmed, 404 U.S. 803, 92 S.Ct. 91, 30 L.Ed.2d 39 (1971; Doe v. Swank, 332 F.Supp. 61 (N.D.Ill.), affirmed Weaver v. Doe, 1971, 404 U.S. 987, 92 S.Ct. 537, 30 L.Ed.2d 539. The court has considered the issues to be distinguishable from those in King v. Smith, 392 U.S. 309, 88 S.Ct. 2128, 20 L.Ed.2d 1118 (1968). See also the three-judge opinions in Saddler v. Winstead, 332 F.Supp. ‾130 (N.D.Miss.), 1971, and Doe v. Schmidt, 330 F.Supp. 159 (E.D.Wis.), 1971.

▆ We find substantial constitutional questions to be present, but they need not be decided. We must hold, under the authorities, that Regulation 223.321 of the New Mexico Department of Health and Social Services is an invalid addition to the eligibility requirements of the Social Security Act of 1935, and its enforcement and application is hereby permanently enjoined.

▆ The plaintiff has asserted that this is a class action, but no showing has been made to demonstrate that it comes with the requirements for such an action. We thus find that this is not a class action.

▆ The plaintiff filed her effective application which was thereafter relied upon, and upon which administrative re-

lief was sought, on August 20, 1970. Her previous application was withdrawn. We hold that if she and her family were otherwise eligible for benefits under A.F.D.C. on that date, they are entitled to such benefits retroactive to August 20, 1970.

It is so ordered.

MECHEM, District Judge (special concurrence):

The recent affirmation by the United States Supreme Court without opinion of Doe v. Swank, 332 F.Supp. 61, N.D. Ill.1971, redesignated Weaver v. Doe, 404 U.S. 987, 92 S.Ct. 537, 30 L.Ed.2d 539 (1971), compels me to concur in this opinion. That case was an appeal from a three-judge court decision striking down the validity of a regulation of the Illinois Department of Public Aid which denied public assistance to an illegitimate child and reduced assistance to the family unit for rental and utility payments if the mother refused to identify the father and cooperate with law enforcement officials in seeking support.

The regulation of the New Mexico Health and Social Services Department challenged here is similar in that it predicates eligibility of the illegitimate child for A.F.D.C. assistance on the mother's cooperation in naming the child's father. The purpose is to determine if the child is in fact "needy" and to institute proceedings to obtain paternal support whenever possible. Need cannot be conclusively established if the father is not identified, unless it is impossible to do so. It does not provide for reduction of rent and utility payments as does the Illinois regulation.

By its summary disposition of Weaver v. Doe, (supra), the United States Supreme Court has apparently embraced the premise upon which plaintiffs have relied in many cases recently before the courts on this issue. That premise is that eligibility for assistance under the A.F.D.C. program of the Social Security Act of 1935, as amended (42 U.S.C. §§ 601–610), is based solely on the need

and dependency of the child. It follows therefrom that the states may not impose any regulation conditioning eligibility on the mother's cooperation in securing paternal support for the child.

However, I feel compelled to say that I find the rationale of this decision totally irreconcilable with the recent holding of the United States Supreme Court in Wyman v. James, 400 U.S. 309, 91 S. Ct. 381, 27 L.Ed.2d 408 (1971), where the challenged regulation of the New York welfare department conditioning continuation of A.F.D.C. benefits on home visits by caseworkers was deemed to be "a reasonable administrative tool; that—serves a valid and proper administrative purpose for the dispensation of the A.F.D.C. program". Wyman v. James, supra at p. 326, 91 S.Ct. at p. 390.

It is the mandate of Congress in the Social Security Act that the states include in their A.F.D.C. administration plans a program to determine paternity and secure support from the fathers of illegitimate and abandoned children. 42 U.S.C. §§ 602(a) (11) and 602(a) (17). Without the cooperation of the mothers however, the states' attempt to establish paternity is futile and the intent of Congress is thwarted.

The states have an interest in spiraling welfare costs which is both legitimate and pressing. In September of 1971, figures revealed by the Department of Health, Education and Welfare show that 10,351,204 persons were on the A.F.D.C. rolls of which more than 70% were children. The monthly cost of this program was 534 million dollars. There were 16.6% more persons on the rolls in September 1971 than in September 1970 and the cost was 20.5% higher.

A state regulation conditioning A.F. D.C. aid on the mother's cooperation is in my opinion as much "a reasonable administrative tool; that—serves a valid and proper administrative purpose for the disposition of the A.F.D.C. program" as is the regulation providing for home visitation in Wyman, supra.

It appears that a mother who seeks welfare payments from the state for her illegitimate child has a corresponding obligation to the state to assist in the state's attempt to secure the paternal support required by the Social Security Act.

To assert that her constitutional right of privacy is an overriding consideration is fallacious. Whatever right of privacy the mother may have had for herself and her child seems to have been abandoned by her when she seeks public assistance under these circumstances. In effect, it is all right to permit the mother to expose the child to any stigma that illegitimacy may carry with it, but not to permit her to be questioned about it so that possible benefits of establishing paternity might be pursued.

I fail to see how either the Social Security Act or the Constitution requires that Regulation 223.321 of the New Mexico Department of Health and Social Services be struck down.