**Jane DOE, individually and on behalf of her minor child, Jennifer, and on behalf of all others similarly situated, Plaintiff,**

v.

**James N. GILLMAN, Commissioner, State of Iowa, Department of Social Services, and Alva C. Edwards, Director of Clayton County Department of Social Services, Defendants.**

No. 72-C-515-EC.

United States District Court,
N. D. Iowa, E. D.

Sept. 1, 1972.

David H. Correll, Waterloo, Iowa, for plaintiff.

Lorna L. Williams, Special Asst. Atty. Gen., Des Moines, Iowa, Harold H. Pahlas, Clayton County Atty., Elkader, Iowa, for defendants.

McMANUS, Chief District Judge.

This action by plaintiff on behalf of herself, her minor child and all others similarly situated seeks declaratory and injunctive relief from the enforcement of § 239.5 Code of Iowa 1971.[1] A three-judge court was convened, 347 F. Supp. 482, and after evidentiary hearing was held and briefs and arguments submitted, the action was remanded to a single judge for consideration of the statutory claims.

---

1. § 239.5 provides in part:

No payment for aid to dependent children shall be made unless and until the county board of social welfare, with the advice of the county attorney shall certify that the parent receiving the aid for the children is co-operating in legal actions and other efforts to obtain support money for said children from the persons legally responsible for said support.

2. That following said decision, a determination was made by the County Board that the child was needy and dependent and that an ADC grant should be made

## FINDINGS OF FACT

1. Plaintiff, Jane Doe, gave birth to Jennifer Doe, out of wedlock on August 14, 1971.

2. Subsequent to the birth of Jennifer, Jane Doe made an application for Aid to Dependent Children (ADC) which was approved by the Clayton County Board of Social Welfare on September 3, 1971 in the sum of $151.00.

3. The grant was payable to the family unit including the needs of plaintiff and Jennifer.

4. Said grant was terminated[2] on or about June 30, 1972 because plaintiff refused to participate in a paternity action against Jennifer's putative father pursuant to § 239.5 Code of Iowa 1971.

5. At all time material Jennifer was needy and dependent within the meaning of the Social Security Act of 1935 and plaintiff was otherwise eligible except for her refusal to cooperate in a paternity action.

## CONCLUSIONS OF LAW

1. This court has jurisdiction of the parties and subject matter. 28 U.S.C. § 1343; 42 U.S.C. § 1983. After examining plaintiff's complaint this court is unable to say that plaintiff's constitutional claim is so attenuated and unsubstantial as to be absolutely devoid of merit or frivolous so as to warrant dismissal for lack of jurisdiction. See e. g. Ex parte Poresky, 290 U.S. 30, 54 S.

for the needs of the child only, payable through a conservator-payee commencing July 1, 1972 or as soon thereafter as the Court would appoint a conservator-payee and providing in its motion that pending such appointment, public assistance in the same amount of an ADC assistance grant for one person, ($75) would be given a third party for the support of said minor child. Said public assistance includes the sum of $20.00 for rent and the utilities therefore in the apartment in which said minor child resides with her mother.

Ct. 3, 78 L.Ed. 152 (1933); Doe v. Swank, 332 F.Supp. 61 (N.D.Ill.1971) aff'd Weaver v. Doe, 404 U.S. 987, 92 S. Ct. 537, 30 L.Ed.2d 539 (1971); Meyers v. Juras, 327 F.Supp. 759 (D.Oregon 1971). Likewise, the claim that plaintiff has not exhausted administrative remedies is without merit. King v. Smith, 392 U.S. 309, 312, 88 S.Ct. 2128, 20 L.Ed.2d 1118 (1968).

■ 2. This is a proper class action. F.R.Civ.P. 23; Doe v. Shapiro, 302 F. Supp. 761, 762 (D.Conn.1969); Saddler v. Winstead, 332 F.Supp. 130 (N.D. Miss.1971).

■ 3. Section 239.5 Code of Iowa 1971 is inconsistent with and violative of the Social Security Act of 1935 and regulations thereunder in that it imposes a requirement for eligibility in addition to need and dependency, hence it is void and unenforceable.[3] Doe v. Swank, supra; Taylor v. Martin, 330 F.Supp. 85 (N.D.Calif.1971); Meyers v. Juras, 327 F.Supp. 759 (D.Oregon 1971); Woods v. Miller, 318 F.Supp. 510 (W.D.Penn. 1970); Doe v. Harder, 310 F.Supp. 302 (D.Conn.1970); Doe v. Shapiro, 302 F. Supp. 761 (D.Conn.1969).

It is therefore

Ordered

1. Section 239.5 Code of Iowa 1971 is declared void in so far as it makes cooperation in a paternity action a condition of eligibility for ADC and the defendants are permanently enjoined from denying assistance to otherwise eligible individuals on the basis of Section 239.5 or regulations relating thereto.

2. Defendant James N. Gillman shall forthwith notify all individuals denied aid because of a refusal to comply with § 239.5 that they are now eligible for aid. This notice is to be directed to those individuals refused aid during the two years immediately preceding the date of this decree.

3. Defendant Gillman shall compute the amount wrongfully withheld from each member of the class denied aid and remit such amounts to them forthwith.

4. All pending motions are denied.

---

[3]. In light of the disposition on these grounds it is unnecessary to consider plaintiff's constitutional allegations. Dandridge v. Williams, 397 U.S. 471, 476,

90 S.Ct. 1153, 25 L.Ed.2d 491 (1970); King v. Smith, supra, 392 U.S. 309 at 313, 88 S.Ct. 2128, 20 L.Ed.2d 1118.