Frances K. GROW et al.,
Plaintiffs-Appellants,

v.

Sidney E. SMITH, Individually and in his capacity as Secretary of the Washington State Department of Social and Health Services, Defendant-Appellee.

No. 73–1228.

United States Court of Appeals, Ninth Circuit.

Feb. 26, 1975.

Donald E. Clocksin (argued), Juneau, Alaska, for plaintiffs-appellants.

Walter White, Asst. Atty. Gen. (argued), Olympia, Wash., for defendant-appellee.

Before LUMBARD,* KOELSCH and WRIGHT, Circuit Judges.

## OPINION

EUGENE A. WRIGHT, Circuit Judge:

Appellants are parents of dependent children who have been denied or terminated from public assistance under Washington welfare regulations for failure to provide information on absent parents or assist in support or filiation proceedings. They sued under 42 U.S.C. § 1983 for injunctive relief and damages, alleging that Washington's welfare regulations requiring such information and participation in such support proceedings were inconsistent with federal statutory requirements and in violation of the equal protection clause of the Fourteenth Amendment.

The district court invalidated several welfare regulations not at issue here, upheld the validity of WAC 388–28–323(1)[1] and WAC 388–28–340 (relating to family units with illegitimate children), and denied retroactive benefits to families which were denied assistance under the invalidated regulations. We affirm the court's decision as to retroactive benefits but remand to it for consideration the impact of amendments to federal and state regulations.

## I.

## RETROACTIVE BENEFITS

The district court denied retroactive benefits to the plaintiffs, holding that the Eleventh Amendment deprived federal courts of jurisdiction to hear such suits by private parties for damages against a state. We affirm on the basis of Edelman v. Jordan, 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974) which held that suits in the federal courts to obtain retroactive welfare benefits were barred by the Eleventh Amendment.[2]

## II.

## SUPREMACY CLAUSE ISSUES

Appellants attacked WAC 388–28–323(1) as inconsistent with 42 U.S.C. § 602, alleging that it established an eligibility requirement not contained in the federal statute. They alleged that the additional eligibility requirement conflicted with the mandate of the federal statute that aid be provided to "all eligible individuals" with "reasonable promptness" 42 U.S.C. § 602(a)(10).

---

* Senior Circuit Judge for the Second Circuit.

1. WAC 388–28–323:
    "APPLICANT OR RECIPIENT RESPONSIBILITY
    "(1) An applicant for or a recipient of public assistance on behalf of a child is responsible for developing and using all resources and income, potential or actual, which are or can be made available to meet the requirements of such child. Said responsibility includes a duty on the part of the applicant/recipient to provide the name of the absent parent and, when such information is known, sufficient information to enable the department to contact said absent parent in order to determine the amount of support money that is or can be made available to meet the need of the dependent child(ren) for whose support said absent parent is responsible at law. Support money received from the absent parent is newly acquired income and shall be budgeted per WAC 388–33–140."

2. Our denial is without prejudice to any rights plaintiffs may have to obtain such payment administratively.

Need and dependency have been held to be the sole conditions for eligibility prescribed by the Social Security Act,[3] Doe v. Swank, 332 F.Supp. 61, 63 (N.D.Ill.), aff'd sub nom. Weaver v. Doe, 404 U.S. 987, 92 S.Ct. 537, 30 L.Ed.2d 539 (1971).

■ The district court found that the regulation in question and the information sheet developed in conformity therewith for use in processing welfare applications were required for the determination of present need and hence were not inconsistent with the federal statute:

> All information requested on the eligibility form proposed for use under the proposed regulations . . . is necessary to determine current eligibility of applicants for the Aid to Families with Dependent Children—Regular—program, including the actual and current availability to a child of an absent parent's income and resources.

CR 170.

This finding of the district court is not clearly erroneous.

Appellants argue that this result is foreclosed by Supreme Court precedent. The cases cited are inapposite. The Supreme Court has affirmed three decisions in which state statutes or regulations were held invalid because they denied benefits to family units for refusal to institute filiation or support proceedings, Doe v. Swank, *supra*, Meyers v. Juras, 327 F.Supp. 759 (D.Ore.), aff'd 404 U.S. 803, 92 S.Ct. 91, 30 L.Ed.2d 39 (1971), Taylor v. Martin, 330 F.Supp. 85 (N.D.Cal.), aff'd sub nom. Carleson v. Taylor, 404 U.S. 980, 92 S.Ct. 446, 30 L.Ed.2d 364 (1971). Here the state is not requiring that parents or caretakers initiate support proceedings, but rather that they provide basic information necessary to determine current needs of the family units.

Both Doe v. Swank, *supra*, and Doe v. Shapiro, 302 F.Supp. 761 (D.Conn.1969)

(appeal dismissed for lack of timeliness), 396 U.S. 488, 90 S.Ct. 641, 24 L.Ed.2d 677 (1970), involved the question of the provision of the name of the putative father of an illegitimate child as a condition of eligibility. This question is not an issue here, WAC 388–28–323(1) not being applicable in such cases and because the plaintiffs have stipulated that they are willing to provide the names of absent parents. (Clerk's Record at 62.)

The provision of the name of the putative father is qualitatively different from that information required here, which involves the absent parent of legitimate children or children for whom paternity has been established. The putative father has no support obligation until filiation proceedings have been brought and paternity has been established, *e. g.* State v. Tieman, 32 Wash. 294, 73 P. 375 (1903); Hurst v. Wagner, 181 Wash. 498, 43 P.2d 964 (1935). Hence information relating to the putative father could be of use only in developing future income.

The information required here relates to the determination whether the parent is absent and whether he or she has sufficient current income or sources of support to meet an existent support obligation.

The regulations struck down in Doe v. Rampton, 497 F.2d 1032 (10th Cir. 1974) are much broader than WAC 388–28–323(1). There, the Utah regulations required the applicant/recipient, to "assist . . . in seeking support for the eligible children," 497 F.2d at 1034, and also required applicants who were unwed mothers to "assist . . . in establishing paternity," 497 F.2d at 1035. Both requirements in *Rampton* related to the development of future income.

In contrast, the Washington regulation required only minimal information necessary to determine dependency and cur-

---

**3.** Participation in a work incentive program may also be an eligibility requirement, 42 U.S.C. § 602(a)(19), New York Department of Social Services v. Dublino, 413 U.S. 405, 93 S.Ct. 2507, 37 L.Ed.2d 688 (1973).

rent need. The form requires the names of the children of the absent parent, information about the existence of a divorce and/or support decree, and the amount currently received under a support decree. Such information is necessary to determine the existing support obligations and the extent to which they are being fulfilled.

The regulations require, if known, information about the address of the missing parent and employment data, including name of employer and social security number. The address of the absent parent is necessary to establish dependency, showing that there is a continued absence from the home. Employment information is necessary to determine whether the absent parent can fulfill his or her support obligations on a regular basis and whether additional sources of support exists for current use.

■ The state may require the production of such minimal information in order to determine actual needs of the family unit. We cannot sustain the appellant's contention that the Social Security Act proscribes a state requirement that the applicant provide such information, or forces the state to ferret out this basic information on need from third parties. This regulation is within "the legitimate sphere of state administration" supplementing the regulations of the federal government, cf. New York Department of Social Service v. Dublino, 413 U.S. 405, 422, 93 S.Ct. 2507, 37 L.Ed.2d 688 (1973); Wyman v. James, 400 U.S. 309, 90 S.Ct. 921, 25 L.Ed.2d 85 (1971).[4]

### III.

### EQUAL PROTECTION ISSUE

Another attack on WAC 388–28–323(1) by appellants is based on an alleged violation of equal protection. It is urged that legitimate children suffer discrimination under the regulation as compared with illegitimate children whose paternity has not been legally established. The latter would not be denied support because of any failure or refusal of parent or caretaker to provide information about an absent parent. There would be a denial as to legitimate children.

We note that the distinction under WAC 388–28–323 was between children whose absent parents were legally obligated to support them (i. e., parents of children born during wedlock and putative fathers whose paternity had been legally established) and those whose absent fathers had no legal support obligation, WAC 388–28–323(4)(a). The distinction was not simply one turning on legitimacy.

■■ The equal protection argument was not raised below, hence we do not pass on it here. It should be noted that it is a constitutional attack on a regulation of statewide applicability. Unless found "constitutionally insubstantial," Hagans v. Lavine, 415 U.S. 528, 534–43, 94 S.Ct. 1372, 39 L.Ed.2d 577 (1974), it must be heard by a three-judge court, if the plaintiffs choose to raise the issue again.

### IV.

### AMENDED REGULATIONS AND STATUTE

■ In the two years since the district court entered its order, the state of Washington has amended its reg-

---

4. The most recent federal regulation on this subject provides:
  A state may: * * *
  (B) Impose conditions upon applicants for and recipients of public assistance which, if not satisfied, result in the denial or termination of public assistance, if such conditions assist the State in the efficient administration of its public welfare policy, and are not inconsistent with the provisions and purposes of the Social Security Act.
  45 C.F.R. § 233.10(a)(1)(ii), 39 Fed.Reg. 26912 (effective date July 24, 1974).

ulations.[5] New ones provide for the denial of benefits to parents or caretakers who refuse to take part in support or filiation proceedings. These changes were made in response to a change in HEW regulations:

> [N]either this nor any other provision of these regulations should be construed to require that provision be made by a State in its AFDC program for the maintenance of a parent or caretaker who fails to provide such assistance and AFDC may be denied with respect to such parent or caretaker.

45 C.F.R. § 233.90(b)(4)(ii), 39 Fed.Reg. 34038, September 23, 1974.

Section 402(a) of the Social Security Act has also been amended, to take effect on July 1, 1975.[6]

The Supreme Court has stated that an appellate court "must review the judgment of the District Court in the light of [state] law as it now stands, not as it stood when the judgment below was entered." Diffenderfer v. Central Baptist Church, 404 U.S. 412, 414, 92 S.Ct. 574, 575, 30 L.Ed.2d 567 (1972).

Since the district court has not had an opportunity to consider the revised statute and regulations, we remand the case to it for further consideration. *See* Lavine v. Shirley, 409 U.S. 1052, 93 S.Ct. 555, 34 L.Ed.2d 506 (1972).

---

**5.** The amendment to WAC 388–323(1):

"The requirements of this subsection are a condition of eligibility for public assistance, including assistance for the child or children involved when appropriate and necessary to determine eligibility."

**6.** ". . . (26) provide that, as a condition of eligibility for aid, each applicant or recipient will be required—

"(A) to assign the State any rights to support from any other person such applicant may have (i) in his own behalf or in behalf of any other family member for whom the applicant is applying for or receiving aid, and (ii) which have accrued at the time such assignment is executed,

"(B) to cooperate with the State (i) in establishing the paternity of a child born out of wedlock with respect to whom aid is claimed, and (ii) in obtaining support payments for such applicant and for a child with respect to whom such aid is claimed, or in obtaining any other payments or property due such applicant or such child and that, if the relative with whom a child is living is found to be ineligible because of failure to comply with the requirements of subparagraphs (A) and (B) of this paragraph, any aid for which such child is eligible will be provided in the form of protective payments as described in section 406(b)(2) (without regard to subparagraphs (A) through (E) of such section); . . ."