SUSAN ANN DELF *vs.* COMMISSIONER OF PUBLIC WELFARE.

Franklin.   November 5, 1975. — December 23, 1975.

Present: TAURO, C.J., QUIRICO, BRAUCHER, HENNESSEY, & KAPLAN, JJ.

*Public Welfare.*

Failure of a memorandum decision of the Department of Public Welfare denying certain benefits to an applicant for public assistance under the program of Aid to Families with Dependent Children to identify the regulations supporting the decision, as required by 45 C.F.R. § 205.10(a)(15)(i) (1974), necessitates remand of the case to the department to conform its decision to the regulation. [349-350]

PETITION filed in the Superior Court on February 6, 1974.

The case was heard by *Moriarty,* J.

After review was sought in the Appeals Court, the Supreme Judicial Court, on its own initiative, ordered direct appellate review.

*Bruce M. Berlin* for the plaintiff.

QUIRICO, J.   The plaintiff, Susan Ann Delf, having been denied certain assistance benefits by a decision of the Department of Public Welfare (department), brought this action for judicial review of the department's decision

under G. L. c. 30A, § 14.[1]  The case is before this court on the plaintiff's appeal from the order of a judge of the Superior Court affirming the department's decision.[2]

For the reasons hereinafter stated, we reverse the order affirming the department's decision and remand the case to the Superior Court for further remand to the department.

We summarize the relevant facts.   On June 5, 1973, the plaintiff, age thirty-three and a resident of the Turners Falls section of Montague in this Commonwealth, made an application for public assistance to the department pursuant to the Aid to Families with Dependent Children (AFDC) program, a public assistance program funded in part by the Federal government (see 42 U.S.C. §§ 601-606 [1970], as amended, 42 U.S.C. §§ 601-606 [Supp. III, 1973]), and administered in this Commonwealth by the department.   G. L. c. 18, § 2, as appearing in St. 1967, c. 658, § 1, and G. L. c. 118, as appearing in St. 1936, c. 413, § 1, as amended.   Her application was approved by the department on June 18, 1973, for assistance to herself and her child, age six. Subsequently, the plaintiff made a request for certain additional assistance benefits to cover her costs of transportation to the Amherst campus of the University of Massachusetts where she was enrolled as a graduate student in educational counselling, child care services for the periods during which she was attending classes at the

---

[1] This case was commenced by the filing of a "Petition for Judicial Review" on February 6, 1974.   The new Massachusetts Rules of Civil Procedure, 365 Mass. 730 (1974), adopted by order of this court dated July 13, 1973, took effect on July 1, 1974.   We treat the case, however, as though it had been commenced under the new rules, thus allowing us to utilize where appropriate the terminology of the new rules in referring to the "petitioner" as the "plaintiff" and to the "petition" as an "action."   See Mass. R. Civ. P. 1A, 2, 365 Mass. 731, 733 (1974); G. L. c. 30A, § 14, as appearing in St. 1973, c. 1114, § 3.

[2] The appeal was originally entered in the Appeals Court and was thereafter removed by us to this court for direct appellate review. G. L. c. 211A, § 10 (A), inserted by St. 1972, c. 740, § 1.

university, and another item not here in issue. The plaintiff has persistently claimed entitlement to these benefits by virtue of certain "State Letters," apparently sent by the Commissioner of the department to various service offices of the department, which indicate that benefits such as those requested by the plaintiff are to be provided by the department (a) in the case of child care services, to parents who are "in a training or educational program which shows realistic movement toward self-support," and (b) in the case of transportation expenses and various other benefits, to persons who are participating in "recognized training." The plaintiff's request was denied as to these benefits by an employee at the department's Greenfield office, and on November 5, 1973, she filed an appeal for a hearing with the department, presumably pursuant to G. L. c. 18, § 16, as appearing in St. 1969, c. 885, § 11. A hearing was held before a referee of the department on December 4, 1973, at which hearing evidence was presented and testimony taken in support of the plaintiff's claim. On January 14, 1974, a memorandum decision was handed down by the referee on behalf of the department and approved by the Commissioner which denied the plaintiff's appeal for transportation costs and child care services. Relevant portions of this decision are reproduced in the margin.[3]

---

[3] "Appellant, age 33, applied for AFDC on 6/5/73 which application was approved for assistance on 6/18/73 for herself and one child, age 6. . . .

. . . .

"Appellant . . . requested consideration of baby-sitting costs and transportation costs incurred as a result of her attending graduate courses at the University of Massachusetts. Evidence presented at the hearing supports appellant's testimony that her present degree is not sufficient to qualify her for the position she wants. The Department makes no provision for extra needs incurred for graduate studies regardless of the realistic goals of the appellant.

"Therefore, the Referee finds that this appeal must be denied for consideration of transportation costs and baby-sitting expenses incurred by reason of attending graduate courses at the University of Massachusetts."

The decision contains no citations to any statutes or departmental regulations supporting the denial of the plaintiff's appeal with respect to the transportation costs and child care services. Rather, the decision merely recites as the reason for the department's action that while the "[e]vidence presented at the hearing supports [the plaintiff's] testimony that her present degree is not sufficient to qualify her for the position she wants, [t]he Department makes no provision for extra needs incurred for graduate studies regardless of the realistic goals of the [plaintiff]." The accompanying letter from the department to the plaintiff states further that "[t]he Department makes consideration of these needs [i.e., child care and transportation costs] only to provide minimal training and educational requirements at an undergraduate level."

On February 6, 1974, the plaintiff commenced the present action in the Superior Court for judicial review of the department's decision pursuant to G. L. c. 30A, § 14. After holding a hearing thereon, a judge of the Superior Court, on July 2, 1974, issued an order affirming the decision of the department. The plaintiff appealed from that order.

The plaintiff advances two principal contentions in arguing for reversal of the department's decision and the Superior Court order. In summary, these contentions are: (1) that the decision of the department's referee was procedurally defective in that it did not comport with applicable Federal regulations, and (2) that the decision was erroneous in that it was not based on the substantive standards published by the department in its regulations and that, if the correct standards had been applied, the plaintiff would have been determined to be eligible for the benefits which she seeks. In support of her first contention, the plaintiff cites a number of Federal regulations which she argues should have been applied by the department in making its determination in her case. For the reasons which follow, we agree with the plaintiff that Federal regulations and law require that the department's

memorandum decision identify the departmental regulations which support it. The decision did not comply with that requirement.

The AFDC program, administered in the Commonwealth by the department, "is financed in large measure by the Federal Government on a matching-fund basis" with participating States. *Shea* v. *Vialpando,* 416 U.S. 251, 253 (1974). *Jefferson* v. *Hackney,* 406 U.S. 535, 541 (1972). *King* v. *Smith,* 392 U.S. 309, 316 (1968). See 42 U.S.C. §§ 601-606 (1970), as amended, 42 U.S.C. §§ 601-606 (Supp. III, 1973). While the States are given broad discretion in determining the standard of need and the level of benefits under the program, they are required to submit an AFDC plan for approval by the Secretary of the Department of Health, Education, and Welfare (HEW), and in their administration of the program they are subject to the regulations promulgated by HEW pursuant to 42 U.S.C. § 1302 (1970). *Shea* v. *Vialpando, supra. King* v. *Smith, supra* at 317.

Under 42 U.S.C. § 602(a)(4) (1970), the Commonwealth's AFDC plan must "provide for granting an opportunity for a fair hearing before the [department] to any individual whose claim for aid to families with dependent children is denied . . . ." See 45 C.F.R. § 205.10(a)(5) (1974), for the corresponding Federal regulation requiring an opportunity for a hearing to be granted in such circumstances. Indeed, such an opportunity for a hearing is provided for in the Commonwealth under G. L. c. 18, § 16. It is undisputed that the plaintiff was properly afforded this opportunity and that she took advantage of it by requesting the evidentiary hearing held on December 4, 1973. In addition, however, it is required under 45 C.F.R. § 205.10(a)(15)(i) (1974), that the decision rendered by the department must, "[i]n the event of an evidentiary hearing, consist of a memorandum decision summarizing the facts and *identifying the regulations supporting the decision*" (emphasis supplied). It is in this respect that the procedure followed by the de-

partment was deficient. The memorandum decision issued by the department failed to contain any citations to departmental regulations supporting its decision to deny the plaintiff's claims as was required by Federal law.

We therefore reverse the order affirming the department's decision and remand the case to the Superior Court with instructions further to remand it to the department in accordance with G. L. c. 30A, § 14 (7), as appearing in St. 1973, c. 1114, § 3, in order that the department conform its decision to the cited Federal regulations by "identifying the regulations supporting the decision" at which it arrives. In light of the action which we have taken, we do not pass on the plaintiff's further contention that the department's decision "was not based on the substantive standards set forth in published state welfare regulations . . . [and that] had the correct standards been applied, she would have been found eligible for child care and transportation reimbursement."

*So ordered.*